UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

**CIVIL ACTION NO. 14-161-DLB-CJS**

**WAL-MART STORES, INC.**                                                        **PLAINTIFF**

**v.**                    **MEMORANDUM OPINION AND ORDER**

**ADENA CORP. OF MANSFIELD, OHIO**                              **DEFENDANT**

\* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*

This matter is before the Court upon Third-Party Defendant Bray Arnsperger Excavating, Inc.'s ("Bray") Motion to Dismiss (Doc. # 81) Defendant/Third-Party Plaintiff Adena Corp. Of Mansfield, Ohio's ("Adena") Third-Party Complaint (Doc. # 63). In its Complaint, Adena alleges claims for contractual and/or common-law indemnity and/or contribution, apportionment and contribution, and breach of contract. Bray argues that Adena's contribution claims should be dismissed because they are no longer recognized under Kentucky law, and the contractual indemnity and breach of contract claims should be dismissed because a contract was never formed between Adena and Bray.

**I.**      **FACTUAL AND PROCEDURAL BACKGROUND**

Given the present procedural context, the factual summary that follows is construed in Adena's favor. *See Crugher v. Prelesnik*, 761 F.3d 610, 614 (6th Cir. 2014) (internal citations omitted). On May 29, 2007, Wal-Mart Stores, Inc. ("Wal-Mart") entered into a construction contract with Adena for the expansion of a Wal-Mart store in Alexandria, Kentucky. (Doc. # 1 at ¶ 7). Adena was responsible for constructing, designing, and

1

completing utility lines and/or utility trenches and/or backfilling or compacting or re-compacting the area behind the store. *Id.* at ¶ 8. After Adena's work was complete, Wal-Mart noticed cracks, distress, and fractures in the pavement around the work area. *Id.* at ¶ 9. Wal-Mart filed a complaint in federal court, asserting claims against Adena for breach of contract, negligence, breach of standard of care, breach of express warranties, and breach of implied warranties. *Id.*

On January 5, 2015, Westfield Insurance Company ("Westfield") intervened as a defendant and cross-claimant in this action based on insurance policies it issued to Adena covering the period from January 1, 2007 to January 1, 2009. (Doc. # 24 at ¶ 11). Westfield seeks a declaration that its insurance policies do not provide coverage to Adena for the underlying litigation, and that it owes no duties of a continued defense or indemnity to Adena relative to the underlying litigation. *Id.* at ¶¶ 46-47.

On January 8, 2016, Wal-Mart filed an amended complaint, adding Ohio Farmers Insurance Company ("Ohio Farmers") as a defendant. (Doc. # 48). Ohio Farmers issued performance and payment bonds on behalf of Adena, naming Wal-Mart as the Owner/Obligee, on or about May 29, 2007. *Id.* at ¶¶ 8-9. Wal-Mart's amended complaint includes a breach of contract claim against Ohio Farmers for failure to fulfill its obligations under the terms of the Performance Bond. *Id.* at ¶¶ 16-18.

Several additional parties were joined on February 17, 2016, when Adena filed a third-party complaint naming Bray, Performance Site Company, LLC, Moraine Materials Company, J.A. Fielden Company, Inc. ("J.A. Fielden"), and R.M.P. Concrete, Inc. as defendants. (Doc. # 63). Adena brought claims against the third-party defendants for contractual and/or common-law indemnity and/or contribution, apportionment and

2

contribution, and breach of contract. *Id.* Performance Site Company, Moraine Materials, and R.M.P. Concrete had each contracted with Adena to perform work on the Wal-Mart expansion. *Id.* at 5. Wal-Mart had hired J.A. Fielden in 2006, prior to contracting with Adena for the expansion work. (Doc. # 89, p. 2). J.A. Fielden was responsible for repairing a slope failure and preparing the site for expansion. *Id.* J.A. Fielden subcontracted with Bray to perform this work for Wal-Mart. *Id.*

Bray has filed a Motion to Dismiss with respect to certain claims in Adena's Third-Party Complaint. (Doc. # 81). Specifically, Bray argues that Adena's contractual indemnity, contribution, and breach of contract claims brought against Bray should be dismissed for failure to state a claim upon which relief can be granted. *Id.* That motion is ripe for decision (See Docs. # 89 & 98).

## II. ANALYSIS

### A. Applicable Law

Federal courts sitting in diversity apply federal procedural law. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965). The substantive law of the forum state governs the claims asserted. *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Moore v. Coffey*, 992 F.2d 1439 (6th Cir. 1993); *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 165 (6th Cir. 1993). Accordingly, the Court will evaluate the instant Motion in accordance with the Federal Rules of Civil Procedure and apply Kentucky law to Adena's claims.

### B. Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true to state a claim to relief that is plausible on its face."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard is met when the facts in the complaint allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint need not contain "detailed factual allegations," but must contain more than mere "labels and conclusions." *Id.* Put another way, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### C. Contribution Claim

The right to contribution arises when two or more joint tort-feasors are guilty of concurrent negligence of substantially the same character which converges to cause the plaintiff's damages. *Degener v. Hall Contracting Corp.*, 27 S.W.3d 775, 778 (Ky. 2000). Kentucky law provides for the allocation of fault and damages in tort actions as follows:

> (1) In all tort actions . . . involving fault of more than one (1) party to the action, including third-party defendants and persons who have been released under subsection (4) of this section, the court, unless otherwise agreed by all parties, shall instruct the jury to answer interrogatories or, if there is no jury, shall make findings indicating:
>
> > (a) The amount of damages each claimant would be entitled to recover if contributory fault is disregarded; and
> >
> > (b) The percentage of the total fault of all the parties to each claim that is allocated to each claimant, defendant, third-party defendant, and person who has been released from liability under subsection (4) of this section.

KRS § 411.182.

Pursuant to KRS § 411.182, fault in a tort action is automatically subject to apportionment, "render[ing] a cross-claim for contribution . . . needless." *Sommerkamp v. Linton*, 114 S.W.3d 811, 817 (Ky. 2003). Because fault is automatically apportioned, each defendant is liable only for the harm attributable to him. Consequently, a third-party

4

defendant could not possibly be liable to another defendant for contribution damages.  *See Kevin Tucker & Assoc., Inc. V. Scott & Ritter, Inc.*, 842 S.W.2d 873, 874 (Ky. Ct. App. 1992) (abrogated on other grounds).  Thus, it is appropriate to dismiss contribution claims against third-party defendants. *See Sommerkamp*, 114 S.W.3d at 817; *see also Compton v. City of Harrodsburg*, Civil No. 5:12-CV-302, 2013 WL 5503195, *5 (E.D. Ky. Oct. 2, 2013).

In its third-party complaint, Adena brought claims for apportionment and contribution against Bray.  (Doc. # 63, ¶¶ 16-17).  These claims are needless in light of KRS § 411.182.  Notwithstanding the dismissal of Adena's third-party claim for apportionment, an apportionment instruction may be warranted at trial, if Adena sets forth evidence at trial on which a reasonable jury could find Bray at fault.  *See Owens Corning Fiberglass Corp. V. Parrish*, 58 S.W.3d 467, 471 n. 5 (Ky. 2001); *Adam v. J.B. Hunt Transport, Inc.*, 130 F.3d 219, 229 (6th Cir. 1997).   Accordingly, Count Two of Adena's complaint should be dismissed.

### D.     Contractual and Common-law Indemnity Claims

Kentucky recognizes both contractual and common-law indemnity.  Contractual indemnity exists when parties agree that in the event one is held liable, the other will pay whatever damages result.  On the other hand, common-law indemnity "is available to one exposed to liability because of the wrongful act of another with whom he/she is not in pari delicto." *Degener*, 27 S.W.3d at 780.  An action for common-law indemnity arises "(1) [w]here the party claiming indemnity has not been guilty of any fault, except technically, or constructively, as where an innocent master was held to respond for the tort of his servant acting within the scope of his employment; or (2) where both parties have been in fault, but

not in the same fault, towards the party injured, and the fault of the party from whom indemnity is claimed was the primary and efficient cause of the injury." *Id.* (quoting *Louisville R. Co. v. Louisville Taxicab & Transfer Co.*, 77 S.W.2d 36, 39 (Ky. 1934)).

Bray's Motion to Dismiss acknowledges that Adena "correctly limit[s] its contractual indemnity claims in Paragraph 15 of the Third-Party Complaint." (Doc. # 81, p. 4, n. 2). Nevertheless, Bray raises this claim in its Motion to Dismiss in hopes of "address[ing] the lack of merit of such a claim against Bray to the extent that Adena explicitly or implicitly intended to assert a contractual indemnity claim against Bray." *Id.* The Court concurs with Bray's initial acknowledgment, that Count One appears to be limited to common-law indemnity with respect to Bray. (*See* Doc. # 63 at ¶ 15). Adena's Response further clarifies that it "did not claim that it had a contract with Bray or that it was entitled to contractual indemnity from Bray." (Doc. # 89, p. 4). This statement, along with the limiting paragraph in the third-party complaint, makes Adena's intention clear: it does not raise a contractual indemnity claim against Bray.

Bray does not seek dismissal of the common-law indemnity claim. Accordingly, Count One should not be dismissed.

### E. Breach of Contract Claim

To establish a claim for breach of contract under Kentucky law, a plaintiff must show (1) the existence of a contract, (2) breach of that contract, and (3) damages resulting from that breach. *Barnett v. Mercy Health Parttners-Lourdes, Inc.*, 233 S.W.3d 723, 727 (Ky. Ct. App. 2007). Generally, even if all other elements are met, "a contract cannot be enforced by a person who is not a party to it or in privity with it." *Presnell Const. Managers, Inc. V. EH Const., LLC*, 134 S.W.3d 575, 579 (Ky. 2004) (quoting 17A *Am. Jur. 2d*,

*Contracts* § 425 (1991)). A non-party may enforce a contract only if he is a third-party beneficiary. *Sexton v. Taylor County*, 692 S.W.2d 808, 810 (Ky. Ct. App. 1985). In order to be a third-party beneficiary, "it must be proven that the contract in question was made for the actual and direct benefit of the third party." *Id.*

In this case, Adena does not claim to have formed a contract with Bray, nor does it claim to be a third-party beneficiary of Bray's contract with J.A. Fielden. (Doc. # 63). Adena does allege that "Walmart, J.A. Fielden and Bray knew that the repairs to the slope failure and preparation of the site for an expansion would be the foundation for additional construction that was later performed by Adena." (Doc. # 89, p. 2). If this statement constitutes Adena's implicit claim that it is a third-party beneficiary, it fails. The contract between J.A. Fielden and Bray was made for Wal-Mart's direct benefit, not Adena's. Adena has not alleged any facts that would show otherwise. Thus, Adena is not a third-party beneficiary of the contract between J.A. Fielden and Bray.

It is unclear whether Adena intended to include Bray, specifically, in Count Three of its third-party complaint. Count Three's broad breach of contract claim appears to apply to all third-party defendants, and it does not contain a paragraph limiting the claim to those defendants with whom Adena had formed a contract, as was included in Count One. (Doc. # 63). Thus, Count Three appears to apply to Bray. However, because Adena is not privy to a contract with Bray, it cannot raise a breach of contract claim against Bray. Therefore, Count Three's breach of contract claim against Bray must be dismissed.

### III. CONCLUSION

Accordingly, for the reasons stated herein,

**IT IS ORDERED** as follows:

(1) Third-Party Defendant Bray Arnsperger Excavating, Inc.'s Partial Motion to Dismiss (Doc. # 81) certain claims in Adena's Third-Party Complaint (Doc. # 63) is **granted in part and denied in part**;

(2) Bray's Motion to Dismiss Count I (Indemnity) is **denied**;

(3) Bray's Motion to Dismiss Count II (Contribution and Apportionment) is **granted** and Count II is hereby **dismissed**; and

(4) Bray's Motion to Dismiss Count III (Breach of Contract) is **granted** and Count III is hereby **dismissed**.

This 6th day of October, 2016.

Signed By:
*David L. Bunning* DB
United States District Judge

K:\DATA\ORDERS\Cov14\14-161 MOO re Bray MTD.wpd